IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEEGAN and BETH KEEGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IRENE S. KIVITZ,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C 04-04470 SI<br><br>**ORDER RE: PRODUCTION OF MEDICAL RECORDS** |

By letter briefs,[1] the parties have brought to the Court a dispute regarding the production of plaintiffs' children's medical records. Defendant contends that the medical records should be produced because they are relevant to its defense and plaintiffs have provided testimony relating to their children's medical treatment. Plaintiffs contend that the evidence is irrelevant, given that they do not bring a personal injury action on behalf of their children, and that the information is privileged.

Plaintiffs assert that the medical records are privileged under California Evidence Code § 994. The causes of action in this case are state claims, with the exception of the Fifteenth Cause of Action under 42 U.S.C. § 4852d. That claim involves the notification requirements for the presence of lead-based paint, which is not relevant to the medical records. Therefore, the Court will apply state law under Federal Rule of Evidence 501.

California Evidence Code § 994 provides that "the patient, whether or not a party, has a privilege to refuse to disclose and to prevent another from disclosing a confidential communication between a patient and

---

[1] Defendant filed her motion on June 3, 2005. However, the motion was submitted as "REDACTION to Memorandum in Opposition to Motion to Enforce Subpoena" [Docket 21]. Plaintiffs filed their opposition on June 3, 2005 [Docket #20].

physician." However, "there is no privilege . . . if such issue has been tendered by: . . . (2) any party claiming through or under the patient." Cal. Evid. Code § 996.

The Court recognizes the privacy interests in medical records. However, plaintiffs may not provide testimony related to medical advice they received from doctors treating their children and then claim confidentiality for the underlying medical records. For example, plaintiffs have made statements that a doctor told them to vacate defendant's residence.

Therefore, the Court finds that plaintiffs must agree to the production of their children's medical records unless they agree to: 1) present no evidence regarding advice, recommendations, or treatment received from medical personnel and 2) provide no information regarding their children's medical condition. If plaintiffs agree to these provisions, they may present evidence that their children had their blood taken based on their concerns for their children's health. However, plaintiffs must provide evidence that the testing occurred. If plaintiffs do not agree to these provisions, then the Court orders the production of medical records pursuant to the subpoenas.

**IT IS SO ORDERED.**

Dated: July 11, 2005

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEEGAN and BETH KEEGAN, | No. C 04-04470 SI |
| Plaintiff, | **ORDER RE: PRODUCTION OF MEDICAL RECORDS** |
| v. | |
| IRENE S. KIVITZ, | |
| Defendant. | |

By letter briefs,[1] the parties have brought to the Court a dispute regarding the production of plaintiffs' children's medical records. Defendant contends that the medical records should be produced because they are relevant to its defense and plaintiffs have provided testimony relating to their children's medical treatment. Plaintiffs contend that the evidence is irrelevant, given that they do not bring a personal injury action on behalf of their children, and that the information is privileged.

Plaintiffs assert that the medical records are privileged under California Evidence Code § 994. The causes of action in this case are state claims, with the exception of the Fifteenth Cause of Action under 42 U.S.C. § 4852d. That claim involves the notification requirements for the presence of lead-based paint, which is not relevant to the medical records. Therefore, the Court will apply state law under Federal Rule of Evidence 501.

California Evidence Code § 994 provides that "the patient, whether or not a party, has a privilege to refuse to disclose and to prevent another from disclosing a confidential communication between a patient and

---

[1] Defendant filed her motion on June 3, 2005. However, the motion was submitted as "REDACTION to Memorandum in Opposition to Motion to Enforce Subpoena" [Docket 21]. Plaintiffs filed their opposition on June 3, 2005 [Docket #20].

physician." However, "there is no privilege . . . if such issue has been tendered by: . . . (2) any party claiming through or under the patient." Cal. Evid. Code § 996.

The Court recognizes the privacy interests in medical records. However, plaintiffs may not provide testimony related to medical advice they received from doctors treating their children and then claim confidentiality for the underlying medical records. For example, plaintiffs have made statements that a doctor told them to vacate defendant's residence.

Therefore, the Court finds that plaintiffs must agree to the production of their children's medical records unless they agree to: 1) present no evidence regarding advice, recommendations, or treatment received from medical personnel and 2) provide no information regarding their children's medical condition. If plaintiffs agree to these provisions, they may present evidence that their children had their blood taken based on their concerns for their children's health. However, plaintiffs must provide evidence that the testing occurred. If plaintiffs do not agree to these provisions, then the Court orders the production of medical records pursuant to the subpoenas.

**IT IS SO ORDERED.**

Dated: July 11, 2005

SUSAN ILLSTON
United States District Judge