**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEEGAN and BETH KEEGAN, | No. C 04-04470 SI |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| IRENE S. KIVITZ, | |
| Defendant. | |

In an August 22, 2005, Order, the Court issued its findings on plaintiffs' numerous claims for summary judgment and granted plaintiffs' motion for summary judgment on the question of violation of San Francisco Health Code § 581(b). The Court denied plaintiffs' motion for summary judgment for nuisance so far as it relied on a violation of California Health & Safety Code § 17920.10. The parties were permitted to provide supplemental briefing on the issue of the relationship between the San Francisco ordinance and the California statute. Having considered the supplemental briefing submitted by both plaintiffs and defendant, the Court GRANTS plaintiffs' motion with respect to violation of the San Francisco ordinance, and DENIES plaintiffs' motion for summary judgment on the issue of violation of state law.

**BACKGROUND**[1]

In 2003, plaintiffs Dan and Elizabeth Keegan entered into a one-year lease agreement with defendant Irene Kivitz. This action arises as a result of a dispute between the Keegans and Ms. Kivitz concerning alleged lead contamination at the premises. Plaintiffs claim that the lead contamination constituted a lead hazard under

---

[1] The facts of this matter are set out in more detail in the Court's August 22, 2005 summary judgment order.

both state and federal law. On June 24, 2005, they brought a motion seeking summary judgment on this issue, among others.

The Court granted plaintiffs' motion in part, finding that they had established that the lead contamination constituted a violation of the San Francisco municipal ordinance. The Court denied plaintiffs' motion, however, with respect to their claims that the lead contamination violated California Health & Safety Code § 17920.10. Specifically, the Court found that section 17920.10 required both "lead contaminated dust levels [above] the amounts established by law," and that "the lead contaminated dust 'is likely to endanger the health of the . . . occupants.'" August 22, 2005 Order, at 11. Because plaintiffs had provided no evidence that the lead contamination endangered the health of the occupants, the Court denied plaintiffs' motion for summary judgment on the state law claim.

Given the appearance of possible preemption issues, the Court invited further briefing on the relationship between the San Francisco ordinance and the California statute. Both plaintiffs and defendant submitted supplemental briefing. Plaintiffs claim that the ordinance and the statute have exactly the same requirements, while defendant claims that the statute preempts the ordinance.

## LEGAL STANDARD

California has a policy against preemption. Thus, before finding a municipal ordinance to be preempted, courts should carefully ensure that a genuine conflict exists between the competing claims of the municipal and state governments. *See S.D. Myers v. City and County of San Francisco*, 336 F.3d 1174, 1177 (9th Cir. 2003) (citing *Cal. Fed. Sav. & Loan Ass'n v. City of Los Angeles,* 54 Cal. 3d 1, 16-17 (1991)). "A conflict exists [only] if the local legislation [1] duplicates, [2] contradicts, or [3] enters an area fully occupied by general law, either expressly or by legislative implication." *Id.* (quoting *Sherwin-Williams Co. v. City of Los Angeles*, 4 Cal. 4th 893, 897 (1993)).

## DISCUSSION

In their supplemental briefing, plaintiffs argue, as they did in their original summary judgment papers, that the statute and the ordinance are coextensive. Plaintiffs claim that the Court misinterpreted California

Health & Safety Code § 17920.10 when it ruled that the statute requires proof of endangerment of the health of the occupants, in addition to lead levels above a certain amount. According to plaintiffs' reading of the statute, the focus of the inquiry is on "proximity," indicating that the law presumes endangerment when an individual is actually exposed to lead contaminated dust.

The Court continues to abide by its original interpretation of the statute; plaintiffs' strained reading would render an entire clause of the statutory text meaningless. The statute clearly requires "lead-contaminated dust . . . in amounts that are equal to or exceed the amount of lead established [by California Regulations] . . . and that are likely to endanger the health of the public or the occupants thereof as a result of their proximity to the public or occupants thereof." As the plain text of the statute makes clear, endangerment is the second element of the statute, not exposure.

Having determined that the San Francisco ordinance and the California statute are not coextensive, the Court must now turn to defendant's argument that the statute preempts the ordinance. Defendant claims that the statute preempts the ordinance because California Health & Safety Code § 17920.10 is a section of the State Housing Law. With the State Housing Law, California courts have found that the California Legislature intended to fully occupy the field of building standards. *See Leslie v. Superior Court*, 73 Cal. App. 4th 1042, 1048 (Cal. App. 1999); *Bldg. Indus. Ass'n v. City of Livermore*, 45 Cal. App.4th 719, 724 (Cal. App. 1996) ("[O]ur state legislature has clearly expressed the intent to fully occupy the field of building standards."). When the legislature has intended to fully occupy the field, municipal legislation on the same subject matter is preempted. *Leslie*, 73 Cal. App. 4th at 1048.

This case, however, does not involve building standards. Rather, the San Francisco ordinance is public health measure that classifies a public nuisance. Thus, the San Francisco ordinance is very different from the ordinance at issue in *Building Industry Ass'n*, which involved a municipality's amendments to the Uniform Building Code to require automatic fire-extinguishing systems in all new constructions. *Bldg. Indus. Ass'n*, 45 Cal. App.4th at 722. Unlike the ordinance in that case, the San Francisco ordinance does not purport to alter the building standards established by California law. The state's occupation of the field of building standards thus does not invalidate the local ordinance. *See id.* at 724 ("[A] local government is precluded from enacting *building standards* that differ from state standards . . . .") (emphasis added).

3

Although San Francisco's ordinance is not a "building standard" it may nonetheless be preempted if it contradicts the California statute. *See City of Watsonville v. State Dept. of Health Serv.*, -- Cal. Rptr. 3d --, 2005 WL 2769514, at *2 (Cal. App. 2005). The Court finds that compliance with § 581(b) does not prevent compliance with California Health & Safety Code § 17920.10; the statutes are entirely consistent. Moreover, San Francisco's ordinance, which only involves the exposure of children up to 72 months of age, is very narrowly tailored to protect a limited population. Given that it is completely possible to comply with both the San Francisco ordinance and the California Statute, the Court finds that the San Francisco ordinance is not preempted. *Compare City of Watsonville*, 2005 WL 2769514, at *4 (finding city ordinance that made the addition of any substance into the public water supply a public nuisance to be preempted, where ordinance directly conflicted with state statute requiring fluoridation of water).

Finally, the Court finds it unlikely that the California legislature would intend to preempt a narrowly drawn municipal ordinance directed at preventing childhood lead poisoning such as the San Francisco ordinance. Indeed, the California legislature has declared that "childhood lead exposure represents the most significant childhood environmental health problem in the state today." Cal. Health & Safety Code § 124125.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby maintains its prior decision to GRANT summary judgment with respect to violation of San Francisco Health Code § 581(b), and DENY plaintiffs' motion for summary judgment based upon California Health & Safety Code § 17920.10.

**IT IS SO ORDERED.**

Dated: November 1, 2005

SUSAN ILLSTON
United States District Judge